IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUWAYNE CAREY, <br><br> Plaintiff, <br><br> v. <br><br> SUPERINTENDENT BARRY JOHNSON; SUSAN MYERS, *CHCH*; MATTHEW MORROW, *EMPLOYMENT COORDINATOR*; MARK HAMMER, *P.A.*; DR. JAMIL AHMED; and DR. DURRE AHMED, <br><br> Defendants. | Civil Action No. 06 - 1578 <br><br> Judge Terrence F. McVerry / Magistrate Judge Lisa Pupo Lenihan <br><br> Doc. No. 23 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction be denied.

### II. REPORT

**A. Relevant Procedural History**

DuWayne Carey(Plaintiff), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On September 12, 2007 he filed a Motion for Preliminary Injunction (Doc. No. 23). The Motion asserted that Plaintiff's legal mail is being opened and read by prison officials and asks for the return of his legal documents taken by Defendants. Specifically, he requests the return of his "1040 EZ Forms and (UCC-1) Financial Statement Forms." Defendants

filed a response (Doc. No. 25) stating that Plaintiff was released from prison on November 16, 2007 and therefore, his Motion is moot.

On January 10, 2007 Plaintiff filed a similar motion, requesting the return of a legal book, unspecified legal documents and asking that Defendants be enjoined from opening his legal mail. The Court held a hearing on this matter on March 13, 2007. At that hearing it was determined that the legal documents confiscated from Plaintiff were the same documents he complains of here, his income tax filing form and UCC-1 forms. It was clarified on the record of that proceeding that these forms are considered contraband within the prison policies and were lawfully confiscated. (Doc. No. 8-2, Exhibit 2). It was further determined that plaintiff's law book had been returned to him and that his allegations of the unlawful opening of his legal mail were unfounded. The Court determined, and stated on the record of the hearing, that Plaintiff had made a number of untrue statements in his filings with the Court. It was recommended that Plaintiff's motion be denied. On April 11, 2007 the District Court entered an order denying said Motion.

In the present case, due to the previously made ruling, coupled with the fact that Plaintiff has now been released from custody, Plaintiff has failed to carry his burden of demonstrating that he is entitled to the extraordinary relief of

an injunction.

## B. **Applicable Legal Standards**

In determining whether an injunction is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. American Civil Liberties Union v. Reno, 217 F.3d 162, 172 (3d Cir. 2000), vacated on other grounds and remanded sub nom., Ashcroft v. American Civil Liberties Union, 535 U.S. 564 (2002). More specifically with regards to the fourth prong, one seeking preliminary relief must show that the issuance of the injunctive relief would not be adverse to the public interest. Dominion Video Satellite, Inc. v. Echostar Corp., 269 F.3d 1149, 1154 (10th Cir. 2001). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)(emphasis deleted).

Further, it is well established general law with respect to equitable injunctive relief that the Court is to bear constantly in mind that an "[i]njunction is an equitable remedy which should

not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Type. Union # 53, 520 F.2d 1220, 1230 (6th Cir. 1975), cert. denied, 428 U.S. 909 (1977). As a corollary of this principle that preliminary injunctions should issue only in a clear and plain case, our Third Circuit Court of Appeals has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937). See also Spirol Int'l Corp. v. Vogelsang Corp., 652 F.Supp. 160, 161 (D.N.J. 1986).). Moreover, it is plaintiff's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). With respect to the "irreparable harm" prong of proving entitlement to a TRO, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976). Additionally, in carrying his burden to show irreparable harm, a "plaintiff must make a clear showing that irreparable harm will occur immediately. See ECRI v. McGraw- Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987). For "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite

future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup, 977 F.2d at 91 (internal quotations omitted). Indeed, the Court of Appeals for the Third Circuit "insisted that the risk of irreparable harm must not be speculative." Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000).

C. **Discussion**

First and foremost, the issue of the confiscation of Plaintiff's legal materials has previously been heard and ruled upon by this Court. Plaintiff fails to acknowledge this in his Motion and offers no reason that the Court should again review the matter.

Secondly, as pointed out by Defendants and documented in their filed exhibits, Plaintiff is no longer in the custody of the Department of Corrections. Therefore, the issue of whether they are opening his legal mail (which the court found after the prior allegation and hearing to be without merit), is now moot. It is axiomatic that the federal courts may not decide an issue unless it presents a live case or controversy." Abdul-Akbar v. Watson, 4 F.3rd 195, 206 (3d Cir. 1993), citing Ortho Pharmaceutical Corp., v. Amgen, 882 F.2d 806, 810-11 (3d cir. 1989)(quoting DeFunis v. Odegaard, 416 U.S. 312, 316 (1974)).

As pointed out in Defendants' response, an exception to mootness may be found when two elements have been met. The challenged

action is too short in duration to be litigated prior to its cessation, and there is a reasonable likelihood that the complaining party will be subject to the action again. <u>Abdul-Akbar v. Watson</u>, supra. The Court does not believe that Plaintiff has met the first prong of this test as, according to him, this is an ongoing problem and not of short duration. Relative to the second prong, unless he chooses to commit another crime and again be incarcerated, there is no likelihood that he will again be subjected to the same action. In fact, the court in <u>Abdul-Akbar</u> rejected this same argument, finding the possibility of re-incarceration to be "mere conjecture." 4 F.3d at 207.

For the foregoing reasons, Plaintiff's Motion for Preliminary Injunction should be denied.

### III. **CONCLUSION**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: December 3, 2007

cc:

**DUWAYNE CAREY**
723 Penwood Avenue
Wilkinsburg, PA 15221

Counsel of Record